891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re AKRON CLEVELAND AUTO RENTAL, INC., Debtor.
Charles GARRETT, d/b/a Garretts, Plaintiff-Appellee,
v.
AKRON CLEVELAND AUTO RENTAL, INC., d/b/a Thrifty Car Rental;
Family Pontiac; Defendants,
Freed Ford, Defendant-Appellant.
 No. 89-3793.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Defendant appeals the order entering judgment for plaintiff in this action for declaratory relief and damages arising from the sale of automobiles. Judgment was entered on July 26, 1989. On the following day, defendant served and filed a timely motion to reconsider. Prior to the disposition of the motion to reconsider, defendant filed a notice of appeal on August 24, 1989. Plaintiff now moves to dismiss the appeal on the grounds that this Court lacks jurisdiction pursuant to Rule 4(a)(4), Fed.R.App.P., and Rule 59, Fed.R.Civ.P. Defendant has not responded to the motion to dismiss.
 
 
 2
 Motions for reconsideration are construed as motions to alter or amend the judgment under Federal Civil Rule 59(e). Kennedy v. City of Cleveland, 797 F.2d 297, 304-05 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987); see also, Nichols v. Asbestos Workers Local 24 Pension Plan, 835 F.2d 881 (D.C.Cir.1987). Rule 4(a)(4), Fed.R.App.P., provides that a timely motion, filed under Rule 59(e), tolls the period for appeal until the district court rules on the motion. Therefore, a notice of appeal filed before the disposition of such a motion is of no effect. Rule 4(a)(4), Fed.R.App.P. Accordingly, we are without jurisdiction in this appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 3
 It is therefore ORDERED that plaintiff's motion to dismiss be granted without prejudice to the defendant's right to timely appeal from entry of a final order.